# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,                                          Bky. No.18-41088 KHS

                Debtor.

                                  Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                Plaintiff,

v.                                                          Adv. Pro. No.19-_____

John Rogers, formerly doing business as
JER Holdings, Inc.,

                Defendant.

_____

## COMPLAINT

      Plaintiff Julia A. Christians, as Chapter 7 trustee for the Bankruptcy Estate of Judith Kay Nelson, for her Complaint against Defendant John Rogers, alleges and states as follows:

      1.   This adversary proceeding is commenced pursuant to Fed. R. Bankr. P. 7001 et seq. and 11 U.S.C. §§ 547(b), 548, and 550. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. 7001(1) and Local Rule 1070-1. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b) (2). The petition commencing this case under Chapter 7 was filed April 6, 2018. Julia A. Christians was appointed as Trustee for the Chapter 7 bankruptcy estate; this case is now pending before this

3

Court.

2. Defendant is subject to jurisdiction in this Court, and venue is proper pursuant to 28 U.S.C. § 1409.

3. Defendant John Rogers is the son of Debtor Judith Kay Nelson, and an "insider" pursuant to 11 U.S.C. § 101 (31).

## COUNT ONE

## VOIDABLE PREFERENCE

4. Plaintiff repeats the allegations of Paragraphs One through Three of her complaint herein

5. During the year preceding the Petition Date, Defendant received from Debtor Judith Kay Nelson transfers of not less than $69,125 (collectively, the "Transfers"). $3,750 of the Transfers was in payment of services provided by Defendant.

6. At the time of certain of the Transfers, the Defendant was a creditor of the Debtor.

7. The Transfers constituted a transfer of an interest of the Debtor in property.

8. Certain of the Transfers were for or on account of antecedent debts owed by the Debtor to the Defendant at the time the Transfers were made.

9. The Transfers were made for the benefit of the Defendant.

10. The Debtor was insolvent at the time of the Transfers.

11. The Transfers enabled the Defendant to recover more than he would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made, and (c) the Defendant received payment of its

debt to the extent provided by the provisions of Title 11 of the United States Code.

12. Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable.

13. Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant the avoided Transfers or the value thereof.

14. Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

## COUNT TWO
## FRAUDULENT TRANSFER

15. Plaintiff repeats the allegations of Paragraphs One through Three of her complaint herein.

16. During the two years preceding the Petition Date, the Debtor transferred not less than $65,375 to her son Defendant John Rogers. The transfers were constructively fraudulent and avoidable under 11 U.S.C. §548 because the Debtor did not receive reasonably equivalent value in exchange for the transfers and was insolvent under 11 U.S.C. §101 (32).

17. Defendant was the initial transferee of the Transfers, and the Trustee is entitled to recover from the transferee the transfers or the value of the property transferred.

18. Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

WHEREFORE, Plaintiff respectfully requests relief against Defendant John Rogers as follows:

1. On Count One, for judgment avoiding the preferential transfers and awarding recovery of $3,750, or such other amount as may be determined by the Court, together with

interest thereon from June 27, 2018;

    2.    On Count Two, for judgment avoiding the constructively fraudulent transfers and awarding recovery of $65,375, or such other amount as may be determined by the Court, together with interest thereon from June 27, 2018;

    3.    For recovery of Plaintiff's costs and disbursements herein; and,

    4.    For such other and further relief as may be equitable and just.

April 5, 2019                                      LAPP, LIBRA,
                                                                STOEBNER & PUSCH, CHARTERED

                                                                */s/ Gordon B. Conn, Jr.*
                                                                Andrew J. Stoebner (#395685)
                                                                Gordon B. Conn, Jr. (#0018375)
                                                               120 South Sixth Street, Suite 2500
                                                               Minneapolis, MN 55402
                                                                astoebner@lapplibra.com
                                                                gconn@lapplibra.com
                                                                (612) 338-5815
                                                                FAX: (612) 338-6651

                                                                COUNSEL FOR THE TRUSTEE