**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

Judith Kay Nelson,                                Bky. No.18-41088 KHS

                        Debtor.

                                        Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                      Plaintiff,

v.                                                     Adv. Pro. No.19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

                      Defendant.

_____

**NOTICE OF HEARING AND MOTION FOR DEFAULT JUDGMENT**
**AGAINST JOHN ROGERS, FORMERLY DOING BUSINESS AS**
**JER HOLDINGS, INC.**

---

       Pursuant to Local Rule 7055-1 and Fed. R. Civ. P. 55(b)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7055, Julia A. Christians, the Plaintiff and Chapter 7 trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of Judith Kay Nelson moves this Court to enter default judgment against Defendant John Rogers, formerly doing business as JER Holdings, Inc. ("Defendant").

1

The Court will hold a hearing on this Motion on **June 19, 2019, at 10:30 a.m.**, or as soon thereafter as counsel can be heard, before the Honorable Kathleen H. Sanberg, Courtroom No. 8 West, at U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

Any response to this Motion must be filed and delivered or mailed not later than **Friday, June 14, 2019,** which is five days before the hearing date. **UNLESS A RESPONSE OPPOSING THE REQUEST IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING.**

In support of this motion, Plaintiff states:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding arises under 11 U.S.C §§ 542 and 727 and Fed. R. Bank. P. 7055.

2. This adversary proceeding is a core proceeding under 28 U.S.C §157 (b)(2).

3. This case was commenced by the filing of a voluntary petition under Chapter 7 on April 6, 2018. Julia A. Christians was subsequently appointed as trustee for the Chapter 7 bankruptcy estate.

4. Defendant is subject to jurisdiction in this Court, and venue is proper pursuant to 28 U.S.C. §1409. Defendant John Rogers is the son of Debtor Judith Kay Nelson, and an "insider" pursuant to 11 U.S.C. § 101 (31).

5. Plaintiff's complaint in this adversary proceeding was filed April 5, 2019.

6. The summons was issued April 9, 2019, and the summons and complaint were served on Defendant by mail on April 10, 2019, and the certificate of service was filed (Docket #5) April 10, 2019.

7. The answer or other response to the summons and complaint was due May 9, 2019. No defense, answer, motion, or other response of any kind has been received or filed.

8. During the year preceding the Petition Date, Defendant received from Debtor Judith Kay Nelson transfers of not less than $69,125 (collectively, the "Transfers"). $3,750 of the Transfers was in payment of services provided by Defendant.

9. At the time of certain of the Transfers, the Defendant was a creditor of the Debtor.

10. The Transfers constituted a transfer of an interest of the Debtor in property.

11. Certain of the Transfers were for or on account of antecedent debts owed by the Debtor to the Defendant at the time the Transfers were made.

12. The Transfers were made for the benefit of the Defendant.

13. The Debtor was insolvent at the time of the Transfers.

14. The Transfers enabled the Defendant to recover more than he would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made, and (c) the Defendant received payment of its debt to the extent provided by the provisions of Title 11 of the United States Code.

15. Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable.

16. Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant the avoided Transfers or the value thereof.

17. Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

18. During the two years preceding the Petition Date, the Debtor transferred not less than $65,375 to her son Defendant John Rogers. The transfers were constructively fraudulent and avoidable under 11 U.S.C. §548 because the Debtor did not receive reasonably equivalent value in exchange for the transfers and was insolvent under 11 U.S.C. §101 (32).

19. Defendant was the initial transferee of the Transfers, and the Trustee is entitled to recover from the transferee the transfers or the value of the property transferred.

20. Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

21. The bankruptcy estate has been damaged to the extent of $69,125.00 by the Defendant's failure to repay the Transfers to the Trustee.

22. Plaintiff seeks judgment against the Defendant in the amount of $69,125.00.

23. By his failure to answer the Complaint, the Defendant is deemed to have admitted Plaintiff's allegations regarding the Transfers.

WHEREFORE, Plaintiff seeks a default judgment against Defendant as follows:

A. For judgment directing Defendant to repay the Transfers to the Trustee in the amount of $69,125.00;

B. For entry of judgment in the principal sum of $69,125.00;

C. For judgment in the amount of $356.80 as and for Plaintiff's costs and disbursements; and,

D. Granting such other and further relief as may be appropriate.

Dated: May 28, 2019

**LAPP, LIBRA, STOEBNER& PUSCH, CHARTERED**

By: /e/ *Julia A. Christians*

Julia A. Christians (#157867)

120 South Sixth Street, Suite 2500

Minneapolis, MN  55402

T (612) 338-5815

**ATTORNEYS FOR PLAINTFF**

4

## **VERIFICATION**

I, Julia A. Christians, the trustee for the bankruptcy estate of Judith Kay Neelsn and Plaintiff herein, state under penalty of perjury that the foregoing Notice of Hearing and Motion for Default Judgment is true and correct to the best of my knowledge, information, and belief.

/e/ *Julia A. Christians*
Julia A. Christians

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,                                    Bky. No.18-41088 KHS

                   Debtor.
                                                              Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                   Plaintiff,

v.                                                    Adv. Pro. No.19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

                   Defendant.

_____

## AFFIDAVIT OF DEFAULT

State of Minnesota   )
                          ) ss.
County of Hennepin  )

    Julia A. Christians, being first duly sworn, deposes and says as follows:

    I am the trustee of the Bankruptcy Estate of Judith Kay Nelson, and I make this affidavit in support of the Trustee's application for entry of default judgment against Defendant John Rogers, formerly doing business as JER Holdings, Inc.

    1.    The summons in this adversary proceeding (Docket # 3) was issued April 9, 2019.

    2.    The summons and complaint were served by mail on April 10, 2019, and the certificate of service was filed April 10, 2019 (Docket #5).

3. The answer was due May 9, 2019 (Docket #3); no further extension of time has been entered.

4. No defense, answer, motion, or other response of any kind has been received or filed.

5. To Affiant's best knowledge, the Defendant is not in the military service nor an infant or incompetent person.

Further Affiant Sayeth Naught.

_____
Julia A. Christians

Subscribed and sworn to
Before me this 28th day of May, 2019

_____
Notary Public



KATIE J. STIMPEL
Notary Public
Minnesota
My Commission Expires January 31, 2022

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,                                               Bky. No.18-41088 KHS

                    Debtor.

                                       Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                    Plaintiff,

v.                                                                              Adv. Pro. No.19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

                    Defendant.

_____

## AFFIDAVIT OF IDENTIFICATION OF DEFAULTING PARTY

State of Minnesota    )
                            ) ss.
County of Hennepin   )

      Julia A. Christians, being first duly sworn, deposes and says as follows:

      I am the trustee of the Bankruptcy Estate of Judith Kay Nelson, and I make this affidavit in support of the trustee's application for entry of default judgment against Defendant John Rogers, formerly doing business as JER Holdings, Inc.

      1.    The summons and complaint were served by mail upon the defendant John Rogers, at the following address:  1316 North Laurel Avenue #9, Los Angeles, CA 90046.

      2.    To Affiant's best knowledge, the Defendant is not in the military service and is not incompetent or an infant.

Further Affiant Sayeth Naught.

_____
Julia A. Christians

Subscribed and sworn to
Before me this 28th day of May, 2019

_____
Notary Public

KATIE J. STIMPEL
Notary Public
Minnesota
My Commission Expires January 31, 2022

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,                                            Bky. No.18-41088 KHS

                      Debtor.

                                    Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                      Plaintiff,

v.                                                                        Adv. Pro. No.19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

                      Defendant.

_____

## AFFIDAVIT ON MERITS AND AMOUNT DUE

State of Minnesota    )
                            ) ss.
County of Hennepin   )

    Julia A. Christians, being first duly sworn, deposes and says as follows:

    I am the trustee of the Bankruptcy Estate of Judith Kay Nelson, and I make this affidavit in support of the Trustee's application for entry of default judgment against Defendant John Rogers, formerly doing business as JER Holdings, Inc.

    1.    In my capacity as trustee I have reviewed the bankruptcy filings and financial records of the Debtor.

2. During the year preceding the Petition Date, Defendant received from Debtor Judith Kay Nelson transfers of not less than $69,125 (collectively, the "Transfers"). $3,750 of the Transfers was in payment of services provided by Defendant.

3. At the time of certain of the Transfers, the Defendant was a creditor of the Debtor.

4. The Transfers constituted a transfer of an interest of the Debtor in property.

5. Certain of the Transfers were for or on account of antecedent debts owed by the Debtor to the Defendant at the time the Transfers were made.

6. The Transfers were made for the benefit of the Defendant.

7. The Debtor was insolvent at the time of the Transfers.

8. The Transfers enabled the Defendant to recover more than he would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made, and (c) the Defendant received payment of its debt to the extent provided by the provisions of Title 11 of the United States Code.

9. Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable.

10. Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant the avoided Transfers or the value thereof.

11. Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

12. During the two years preceding the Petition Date, the Debtor transferred not less than $65,375 to her son Defendant John Rogers. The transfers were constructively fraudulent and avoidable under 11 U.S.C. §548 because the Debtor did not receive reasonably equivalent value in exchange for the transfers and was insolvent under 11 U.S.C. §101 (32).

13. Defendant was the initial transferee of the Transfers, and the Trustee is entitled

to recover from the transferee the transfers or the value of the property transferred.

    14.    Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

    15.    The bankruptcy estate has been damaged to the extent of $69,125.00 by the Defendant's failure to repay the Transfers to the Trustee.

    16.    The bankruptcy estate's costs in this matter are $356.80, including the filing fee of $350.00, and costs for certified mail of $ $6.80.

    17.    Plaintiff requests that this Court enter default judgment against Defendant for $69,125.00, and, awarding Plaintiff her costs and disbursements in the amount of $356.80.

Further Affiant Sayeth Naught.

_____
Julia A. Christians

Subscribed and sworn to
Before me this 28th day of May, 2019

_____
Notary Public

KATIE J. STIMPEL
Notary Public
Minnesota
My Commission Expires January 31, 2022

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,                                                                 Bky. No.18-41088 KHS

                      Debtor.

                                                           Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                      Plaintiff,

v.                                                                                              Adv. Pro. No.19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

                      Defendant.

_____

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

This case came before the court on plaintiff Julia A. Christians, Trustee's application for default judgment against defendant John Rogers, formerly doing business as JER Holdings, Inc. Based upon the files, records, pleadings, and the plaintiff's application and supporting affidavits, the court makes the following:

### FINDINGS OF FACT

1.  This case was commenced by the filing of a voluntary petition under Chapter 7 on April 6, 2018. Plaintiff Julia A. Christians was assigned as the panel trustee to administer the bankruptcy estate ("Plaintiff" or "Trustee").

2. Defendant John Rogers is the son of Debtor Judith Kay Nelson, and an "insider" pursuant to 11 U.S.C. § 101 (31) ("Defendant").

3. Plaintiff filed her complaint against Defendant on April 5, 2019, seeking a judgment avoiding the preferential transfers and constructively fraudulent transfers, awarding recovery of $69,125.00, plus interest and costs.

4. A summons was issued on April 9, 2019, and was served along with a copy of the complaint on Defendant by regular and certified mail on April 10, 2019.

5. Defendant's answer was due May 9, 2019. No defense, answer, motion, or other response of any kind to the complaint has been received or filed and any answer or response would now be untimely under Rule 7012 (a), Federal Rules of Bankruptcy Procedure.

6. By his failure to answer the complaint, the Defendant is deemed to have admitted the complaint's allegations as set forth below:

a. During the year preceding the Petition Date, Defendant received from Debtor Judith Kay Nelson transfers of not less than $69,125 (collectively, the "Transfers"). $3,750 of the Transfers was in payment of services provided by Defendant.

b. At the time of certain of the Transfers, the Defendant was a creditor of the Debtor.

c. The Transfers constituted a transfer of an interest of the Debtor in property.

d. Certain of the Transfers were for or on account of antecedent debts owed by the

e. Debtor to the Defendant at the time the Transfers were made.

f. The Transfers were made for the benefit of the Defendant.

g. The Debtor was insolvent at the time of the Transfers.

h. The Transfers enabled the Defendant to recover more than he would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made, and (c) the Defendant received payment of its debt

to the extent provided by the provisions of Title 11 of the United States Code.

    i.    Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable.

    j.    Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant the avoided Transfers or the value thereof.

    k.    Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

    l.    During the two years preceding the Petition Date, the Debtor transferred not less than $65,375 to her son Defendant John Rogers. The transfers were constructively fraudulent and avoidable under 11 U.S.C. §548 because the Debtor did not receive reasonably equivalent value in exchange for the transfers and was insolvent under 11 U.S.C. §101 (32).

    m.    Defendant was the initial transferee of the Transfers, and the Trustee is entitled to recover from the transferee the transfers or the value of the property transferred.

    n.    Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

    o.    The bankruptcy estate has been damaged to the extent of $69,125.00 by the Defendant's failure to repay the Transfers to the Trustee.

## CONCLUSIONS OF LAW

    1.    Defendant is in default pursuant to Rule 7055, Federal Rules of Bankruptcy Procedure and Rule 55, Federal Rules of Civil Procedure.

    2.    Plaintiff is entitled to judgment against Defendant for its damages in the amount of $69,125.00.

**ORDER**

IT IS ORDERED:

      Plaintiff is awarded judgment against defendant John Rogers, formerly doing business as JER Holdings, Inc. in the amount of $69,125.00, plus costs and disbursements of $356.80, for a total of $69,481.80.

    LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: _____

Kathleen H. Sanberg
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,                           Bky. No.18-41088 KHS

           Debtor.

                                                     Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

           Plaintiff,

v.                                           Adv. Pro. No.19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

           Defendant.

_____

## UNSWORN CERTIFICATE OF SERVICE

I, Katie J. Stimpel, declare under penalty of perjury that on May 28, 2019, I mailed copies of the attached: **Notice of Hearing and Motion for Default Judgment; Affidavit of Default; Affidavit of Identification; Affidavit on the Merits; and, Findings of Fact, Conclusions of Law and Order for Judgment** by first class mail postage prepaid to each entity named below at the address stated below for each entity:

| | |
|---|---|
| **VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED AND U.S. MAIL** | **John Rogers**<br>1316 North Laurel Avenue #9<br>Los Angeles, CA 90046 |

Executed on: May 28, 2019          /e/  Katie J. Stimpel
                                                                  Kate J. Stimpel, Legal Assistant
                                                                  Lapp, Libra, Stoebner &
                                                                       Pusch, Chartered
                                                                 120 South Sixth Street, Suite 2500
                                                                  Minneapolis, MN 55402
                                                                  612/338-5815