# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,                                                BKY 18-41088 KHS

                   Debtor.

                                                          Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                   Plaintiff,

v.                                                                ADV 19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

                   Defendant.

_____

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

      This proceeding is before the court on plaintiff's motion for default judgment against defendant John Rogers, formerly doing business as JER Holdings, Inc. Based on the motion and the file, the court makes the following:

### FINDINGS OF FACT

      1.    This case was commenced by the filing of a voluntary petition under Chapter 7 on April 6, 2018. Plaintiff Julia A. Christians was assigned as the panel trustee to administer the bankruptcy estate ("Plaintiff" or "Trustee").

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *06/19/2019*
Lori Vosejpka, Clerk, by LH

2. Defendant John Rogers is the son of Debtor Judith Kay Nelson, and an "insider" pursuant to 11 U.S.C. § 101 (31) ("Defendant").

3. Plaintiff filed her complaint against Defendant on April 5, 2019, seeking a judgment avoiding the preferential transfers and constructively fraudulent transfers, awarding recovery of $69,125.00, plus interest and costs.

4. A summons was issued on April 9, 2019, and was served along with a copy of the complaint on Defendant by regular and certified mail on April 10, 2019.

5. Defendant's answer was due May 9, 2019. No defense, answer, motion, or other response of any kind to the complaint has been received or filed and any answer or response would now be untimely under Rule 7012 (a), Federal Rules of Bankruptcy Procedure.

6. By his failure to answer the complaint, the Defendant is deemed to have admitted the complaint's allegations as set forth below:

    a. During the year preceding the Petition Date, Defendant received from Debtor Judith Kay Nelson transfers of not less than $69,125 (collectively, the "Transfers"). $3,750 of the Transfers was in payment of services provided by Defendant.

    b. At the time of certain of the Transfers, the Defendant was a creditor of the Debtor.

    c. The Transfers constituted a transfer of an interest of the Debtor in property.

    d. Certain of the Transfers were for or on account of antecedent debts owed by the

    e. Debtor to the Defendant at the time the Transfers were made.

    f. The Transfers were made for the benefit of the Defendant.

    g. The Debtor was insolvent at the time of the Transfers.

    h. The Transfers enabled the Defendant to recover more than he would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made, and (c) the Defendant received payment of its debt

to the extent provided by the provisions of Title 11 of the United States Code.

    i.    Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable.

    j.    Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant the avoided Transfers or the value thereof.

    k.    Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

    l.    During the two years preceding the Petition Date, the Debtor transferred not less than $65,375 to her son Defendant John Rogers.  The transfers were constructively fraudulent and avoidable under 11 U.S.C. §548 because the Debtor did not receive reasonably equivalent value in exchange for the transfers and was insolvent under 11 U.S.C. §101 (32).

    m.    Defendant was the initial transferee of the Transfers, and the Trustee is entitled to recover from the transferee the transfers or the value of the property transferred.

    n.    Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

    o.    The bankruptcy estate has been damaged to the extent of $69,125.00 by the Defendant's failure to repay the Transfers to the Trustee.

## CONCLUSIONS OF LAW

1.    Defendant is in default pursuant to Rule 7055, Federal Rules of Bankruptcy Procedure and Rule 55, Federal Rules of Civil Procedure.

2.    Plaintiff is entitled to judgment against Defendant for its damages in the amount of $69,125.00.

**ORDER**

IT IS ORDERED:

Plaintiff is awarded judgment against defendant John Rogers, formerly doing business as JER Holdings, Inc. in the amount of $69,125.00, plus costs and disbursements of $350.00, for a total of $69,475.00.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: June 19, 2019

/e/ Kathleen H. Sanberg
Kathleen H. Sanberg
Chief United States Bankruptcy Judge