# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:

Judith Kay Nelson,							BKY 18-41088 KHS

                     Debtor.
									Chapter 7

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Judith Kay Nelson,

                     Plaintiff,

v.									ADV 19-04099-KHS

John Rogers, formerly doing business as
JER Holdings, Inc.,

                     Defendant.

_____

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

This proceeding is before the court on plaintiff's motion for default judgment against defendant John Rogers, formerly doing business as JER Holdings, Inc. Based on the motion and the file, the court makes the following:

### FINDINGS OF FACT

1. This case was commenced by the filing of a voluntary petition under Chapter 7 on April 6, 2018. Plaintiff Julia A. Christians was assigned as the panel trustee to administer the bankruptcy estate ("Plaintiff" or "Trustee").

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *06/19/2019*
Lori Vosejpka, Clerk, by LH

2. Defendant John Rogers is the son of Debtor Judith Kay Nelson, and an "insider" pursuant to 11 U.S.C. § 101 (31) ("Defendant").

3. Plaintiff filed her complaint against Defendant on April 5, 2019, seeking a judgment avoiding the preferential transfers and constructively fraudulent transfers, awarding recovery of $69,125.00, plus interest and costs.

4. A summons was issued on April 9, 2019, and was served along with a copy of the complaint on Defendant by regular and certified mail on April 10, 2019.

5. Defendant's answer was due May 9, 2019. No defense, answer, motion, or other response of any kind to the complaint has been received or filed and any answer or response would now be untimely under Rule 7012 (a), Federal Rules of Bankruptcy Procedure.

6. By his failure to answer the complaint, the Defendant is deemed to have admitted the complaint's allegations as set forth below:

    a. During the year preceding the Petition Date, Defendant received from Debtor Judith Kay Nelson transfers of not less than $69,125 (collectively, the "Transfers"). $3,750 of the Transfers was in payment of services provided by Defendant.

    b. At the time of certain of the Transfers, the Defendant was a creditor of the Debtor.

    c. The Transfers constituted a transfer of an interest of the Debtor in property.

    d. Certain of the Transfers were for or on account of antecedent debts owed by the

    e. Debtor to the Defendant at the time the Transfers were made.

    f. The Transfers were made for the benefit of the Defendant.

    g. The Debtor was insolvent at the time of the Transfers.

    h. The Transfers enabled the Defendant to recover more than he would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made, and (c) the Defendant received payment of its debt

to the extent provided by the provisions of Title 11 of the United States Code.

    i.    Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable.

    j.    Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant the avoided Transfers or the value thereof.

    k.    Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

    l.    During the two years preceding the Petition Date, the Debtor transferred not less than $65,375 to her son Defendant John Rogers. The transfers were constructively fraudulent and avoidable under 11 U.S.C. §548 because the Debtor did not receive reasonably equivalent value in exchange for the transfers and was insolvent under 11 U.S.C. §101 (32).

    m.    Defendant was the initial transferee of the Transfers, and the Trustee is entitled to recover from the transferee the transfers or the value of the property transferred.

    n.    Repayment of the Transfers was duly demanded by the Trustee by letter dated June 27, 2018.

    o.    The bankruptcy estate has been damaged to the extent of $69,125.00 by the Defendant's failure to repay the Transfers to the Trustee.

## CONCLUSIONS OF LAW

    1.    Defendant is in default pursuant to Rule 7055, Federal Rules of Bankruptcy Procedure and Rule 55, Federal Rules of Civil Procedure.

    2.    Plaintiff is entitled to judgment against Defendant for its damages in the amount of $69,125.00.

**ORDER**

IT IS ORDERED:

Plaintiff is awarded judgment against defendant John Rogers, formerly doing business as JER Holdings, Inc. in the amount of $69,125.00, plus costs and disbursements of $350.00, for a total of $69,475.00.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: June 19, 2019

/e/ Kathleen H. Sanberg
Kathleen H. Sanberg
Chief United States Bankruptcy Judge

United States Bankruptcy Court
District of Minnesota

CHRISTIANS TRUSTEE,
    Plaintiff

Adv. Proc. No. 19-04099-KHS

Rogers,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0864-4     User: lynn     Page 1 of 1     Date Rcvd: Jun 19, 2019
                     Form ID: pdf111     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 21, 2019.
dft         +John Rogers,    1316 North Laurel Avenue #9,    Los Angeles, CA 90046-4617

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 21, 2019                                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 19, 2019 at the address(es) listed below:
        Gordon B. Conn    on behalf of Plaintiff JULIA A CHRISTIANS TRUSTEE gconn@lapplibra.com
        Julia A. Christians    on behalf of Plaintiff JULIA A CHRISTIANS TRUSTEE jchristians@lapplibra.com, lfrey@lapplibra.com;kstimpel@lapplibra.com;MN0A@ecfcbis.com
                                                                                                       TOTAL: 2